# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

3:12cv814
[3:11cr6]

| | |
|---|---|
| **TILMAN DEANGELO JACKSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's Motion to Correct or Modify Sentence and Judgment (#22) filed under 28, United States Code, Section 2255.[1] Such motion has been filed by petitioner's retained counsel.

## Initial Screening

The court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) and finds:

(1) the petition has been signed by counsel;

(2) that petitioner has provided indicia that the petition was filed within one year of final judgment; and

(3) petitioner has not asserted a colorable claim for relief cognizable under § 2255(a).

In this case, petitioner has not stated an actionable claim under Section 2255 inasmuch as his is not that the court entered an unlawful sentence, but that the Bureau of Prisons ("BOP") made an error in the calculation of that lawful sentence. While counsel ultimately argues that

---

[1] Petitioner also states that such motion is filed "pursuant to" 8 U.S.C. § 3584(b), which is a statute concerning sentencing not post-judgment relief.

he provided ineffective assistance of counsel, it is clear that counsel's misunderstanding of federal law did not prejudice petitioner in any manner.

## Discussion

### I. Setser Claim

Petitioner alleges that under Setser v. United States, ___ U.S. ___, 2012 WL 1019970 (March 28, 2012), this court properly directed that any sentence imposed in this matter be run concurrently with any unimposed, but anticipated state sentence that has a nexus to or stems from the criminal conduct that formed the basis of this sentence. The court stated at sentencing as follows:

> In the event, in the off chance that there is something out there, this court would run this [sentence] concurrent with any crime that's been committed before today **that is still out there**. After today all bets are off.

Sentencing Transcript, at 29-30 (emphasis added). In attempting to assert an actionable claim under § 2255, petitioner states in his motion that the BOP has failed to credit him with the 415 days he allegedly spent in "federal custody" prior to sentencing.

Petitioner argues that upon assignment to FCI Petersburg, the BOP declined to credit those days against the 46 months of imprisonment imposed by this court. Petitioner relates that BOP determined that such days were not creditable towards his federal sentence because the State of North Carolina gave petitioner credit for those days on an unrelated state sentence. See also Return of Writ *Ad Pros* (#15)(indicating petitioner's state time expired April 12, 2012).

While Setser clearly shifts responsibility for determining whether to run a federal sentence concurrently or consecutively with any unimposed, but anticipated state sentence that has a nexus to or stems from the criminal conduct that formed the basis of a federal sentence, Setser does not transfer from the BOP to the courts the duty of calculating jail

credit under § 3585(b). As petitioner's motion make clear, the time petitioner was serving on the state sentence was unrelated to the offense conduct in this case. Motion (#22), at ¶ 2. Thus, petitioner has not stated a § 2255 claim under <u>Setzer</u>.

## II.    Ineffective Assistance of Counsel

Next, counsel appears to claim that he provided ineffective assistance at sentencing based on a misunderstanding of petitioner's custody status. Counsel's misunderstanding appears, however, to persist even in the bringing of this § 2255 motion. Counsel argues that if, at the time of arraignment, he had understood that petitioner still had state time to do when he was writted out of state custody, he would have asked the court to return petitioner to state custody prior to sentencing in this matter. Counsel argues, as follows:

> Had Mr. Jackson, through undersigned counsel, been aware that the Bureau of Prisons was not going to honor the Magistrate Judge Cayer's explicit directive that Mr. Jackson be held in federal custody as of February 23, 2011—notwithstanding whatever the state chose to do with respect to Mr. Jackson's then-unexpired sentence—undersigned counsel would have explicitly requested the Court take Mr. Jackson's federal pretrial detention into account for purposes of fashioning an appropriate sentence . . . .

<u>Id.</u>, at ¶ 16. The disconnect appears to be counsel's equating "federal custody" with "federal credit." Judge Cayer quite properly stated that defendant would be held in "federal custody" pending resolution of the federal charges against him. That is the very nature of a writ ad pros, as it brings a federally charged defendant from state incarceration to federal custody. Whether the time spent in federal custody will be credited as federal time cannot be determined by the court at the time of arraignment or even at the time of sentencing, but is in the first instance determined by the Bureau of Prisons only <u>after</u> conviction and imposition of a judgment containing a sentence of incarceration.

Indeed, counsel's statement (or request) at arraignment that "we would simply ask until a further court order, that he [defendant] remain in federal custody," was superfluous

−3−

as any person appearing on a writ *ad pros* remains in federal custody pending resolution of the federal charges.² See Arraignment Transcript, at 4. Under the Interstate Agreement on Detainers, this court does not return writted state prisoners until the charges have been fully resolved. Indeed, such would be contrary to law.

Counsel's confusion of "federal custody" and "federal credit" provides no basis for a claim of ineffective assistance of counsel. First, Judge Cayer quite properly stated at arraignment that defendant would be held in "federal custody" pending resolution of the federal charges against him. Whether that time would or would not be credited against a future sentence cannot be determined by the court at the time of arraignment. Indeed, counsel's request of Judge Cayer at the conclusion of arraignment that "we would simply ask until a further court order, that he remain in federal custody," Arraignment Transcript, at 4, was superfluous as any person on writ *ad pros* remains in federal custody pending resolution of the federal charges. That counsel misunderstood that federal custody did not necessarily equate to federal credit is of no moment as petitioner was required, as a matter of law, to remain in federal custody pending disposition of the federal charges lodged against him.

To the extent that counsel argues that he rendered ineffective assistance because such misunderstanding resulted in his failure to "explicitly request[] the Court take Mr. Jackson's federal pretrial detention into account for purposes of fashioning an appropriate sentence," Motion (#22), at ¶ 16, petitioner being in "federal custody," but receiving state credit for that time on an unrelated state-court conviction, would not have been an appropriate factor for

---

² The Interstate Agreement on Detainers ("IAD") "is a compact entered into by [forty-eight] States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000) (citation omitted); see 18 U.S.C. app. 2, § 2. Under the anti-shuttling provision of IAD, a receiving state is not to return a prisoner to the custody of the sending state until the charges lodged by the receiving state have been fully resolved. See 18 U.S.C. app. 2, § 2.

-4-

this court to consider under § 3553(a) or § 3584(b). Indeed, § 3585(b) makes it very clear that a defendant is not to receive federal credit for time credited against an unrelated sentence, regardless of the place of confinement. 18 U.S.C. § 3585(b). Had such argument been made, it would have been rejected by this court as it appears to be based on a fundamental misunderstanding of the nature of a writ *ad pros*, as well as the dichotomy between "federal custody" and creditable federal time.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). While counsel's misunderstanding of federal custody and federally creditable time - - which appears to persist in this motion - - may arguably be below the standard expected of federal criminal practitioners, petitioner was not prejudiced by such misunderstanding as the sentence would have been no different. The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. Indeed, this court sentenced petitioner at the bottom of the advisory guidelines range after rejecting his motion for a variance. Not only would failing to argue a inappropriate factor under § 3553(a) be unavailing in imposing a sentence, it would have been equally unavailing in considering allowance of a variance as it would have improperly credited petitioner with time clearly not creditable under § 3585(b).

**III.   Section 2241**

As to determining whether the BOP properly credited petitioner for time served while in federal custody, the Supreme Court has held that only the Attorney General, through the Bureau of Prisons, may compute jail credit.  See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) *(per curiam)* (citing United States v. Wilson, 503 U.S. 329 (1992)).  As petitioner's claim under § 2255 does not in any way implicate the imposition of an unlawful sentence, petitioner has no recourse under § 2255.  Inasmuch as petitioner is not housed in this district and is calling into question the duration of his incarceration, petitioner is advised that the Western District of North Carolina is not the proper forum for that concern.  Petitioner should direct any concerns he may have to the United States Court for the Eastern District of Virginia as a motion brought under 28, United States Code, Section 2241.  See Delfino v. Berkebile, 2011 WL 1088013 (S.D.W.Va. Mar.23, 2011).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Correct or Modify Sentence and Judgment (#22) is **DENIED** upon initial screening as petitioner fails to state a colorable claim that would require a response from the government.

The Clerk of Court is instructed to send a courtesy copy of this Order to AUSA Ray.

**Denial of Certificate of Appeal**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge