UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00006-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TILMAN DEANGELO JACKSON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a post-Judgment letter (#49) from defendant questioning whether he will be credited for time served either in federal or state custody and questioning the effectiveness of his attorney during the hearing on the supervised release violation for not asking that his federal sentence on the SRV violation be run concurrent with his state sentence.

As to calculation of credit for time served in state custody, this court believes strongly that a person convicted of an offense should receive full credit for time served; however, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied

defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992). Even if this court were to provide Castro notice of its intent to treat defendant's letter as a Section 2255 petition, a Section 2255 motion would not be the appropriate vehicle for defendant to challenge an administrative denial of credit for time served. Rogers v. United States, 180 F.3d 349 (1st Cir. 1999).

Turning next to defendant's concerns as to the services rendered by counsel, defendant is advised that if he believes the Judgment this Court entered is unlawful because he received ineffective assistance from his attorney, he would need to raise that issue in a petition filed under Section 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in his letter (#49), such request is **DENIED** without prejudice.

Signed: September 13, 2017

Max O. Cogburn Jr
United States District Judge